# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID WIDI, | : | CIVIL NO. 3:15-CV- 1502 |
| | : | |
| Petitioner, | : | (Judge Kosik) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| WARDEN MAIORANA, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

I.   **Statement of Facts and of the Case**

This petition for writ of habeas corpus comes before us in a setting where there is a great risk of conflation, and confusion, of claims.  The petitioner in this case, David Widi, is a federal prisoner who was housed at the United States Pentitentuary, Canaan, at the time of the filing of this petition, August 3, 2015.  Widi has subsequently been transferred to the United States Penitentiary, Pollock, Louisiana.

Widi's petition, and its accompanying memorandum of law, relate to multiple disciplinary proceedings brought against the petitioner by correctional officials at yet another prison, the Federal Cirrectional Institution, in Berlin, New Hampshire. According to Widi he incurred some 39 incident reports while at FCI Berlin.  Widi and

respondents agree that 14 of these petitions were later expunged, and it appears that 3 of the remaining disciplinary citations resulted in sanctions which did not affect the duration of Widi's sentence since they did not result in the loss of good time credit for this prisoner. There remain, however, some 12 disciplinary citations which are combined by Widi in this single petition, citations involving distinct disciplinary episodes each with its own procedural and factual record. Indeed, given the multiplicity of matters raised in the petition, we note that Widi's initial petition, memorandum of law, and acccompanying exhibits encompassed 484 pages of material. (Docs. 1 and 2.)

Confronted with this all-encompassing petition, which referred to some 39 disciplinary citations, the respondents have submitted an initial repsonse which advances two claims. (Doc. 8.) First, respondents argue that the court should only entertain habeas petitions relating to those disciplinary citations which actually affected the length of Widi's confinement. Thus, the respondents would have us dismiss any claims relating to either expunged disciplinary citations, or citations which did not result in the loss of good time. This suggestion, if accepted by the court, would reduce the number of potential disciplinary citations under consideration from 39 to 12. As for these remaining 12 disciplinary citations, the respondents argue that this single petition improperly conflates and combines separate epsiodes in a fashion

which calls for dismissal of the petition, as drafted, and instructions to Widi to submit his claims as to each disciplinary matter as a separate federal habeas corpus petition. Respondents further contend that those separate petitions should be filed where Widi is currently confined.

Presented with these contrasting positions, and upon consideration of the arguments of both the petitioner and respondents, we recommend as follows: First, this court should dismiss Widi's claims with respect to any disciplinary citations which do not affect the length or duration of his confinement, since these matters are not properly cognizable in habeas. Second, as for the remaining 12 disciplinary citations, Widi's petition should be dismissed without prejudice to the submission of separate petitions challenging these specific disciplinary actions which affected the length of Widi's incarceration.

## II. Discussion

### A. This Petition Should Be Confined to Disciplinary Matters Which Affected the Duration of Widi's Detention

The writ of habeas corpus, one of the protections of individual liberties enshrined in our Constitution, serves a specific, and well-defined purpose. The writ of habeas corpus exists to allow those in the custody of the state to challenge in court the fact, duration and lawfulness of that custody. As the United States Court of

Appeals for the Third Circuit has aptly noted: "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" <u>Powers of Congress and the Court Regarding the Availability and Scope of Review</u>, 114 Harv. L.Rev. 1551, 1553 (2001)." <u>Leamer v. Fauver</u> 288 F.3d 532, 540 (3d Cir. 2002). However, there is a necessary corollary to this principle, one which has long been recognized by the courts; namely, "[i]f a . . . prisoner is seeking [other relief], he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus. In [such cases], habeas corpus is not an appropriate or available federal remedy." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 494 (1973).

Thus, where a prisoner wishes to constitutionally challenge some aspect of the conditions of his confinement unrelated to the fact or duration of his detention, courts have repeatedly held that the writ of habeas corpus is not the proper vehicle for bringing this legal challenge. For example, in <u>Leamer v. Fauver, supra</u> the United States Court of Appeals discussed whether a habeas corpus petition was the appropriate tool for an inmate to use when challenging a prison placement decision.

In terms that are equally applicable here the Court of Appeals held that these type of claims are not cognizable under habeas, stating:

> When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when [habeas and other civil rights relief] is unavailable: whenever the challenge ultimately attacks the "core of habeas" -the validity of the continued conviction or the fact or length of the sentence- a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under [other civil rights statutes] is appropriate.

Leamer, 288 F.3d at 542.

Following Leamer, courts have often considered invitations by inmates to use the writ of habeas corpus to examine prison actions which do not affect the length of an inmate's sentence. These invitations have been consistently declined by the courts as a legal exercise which fall beyond the scope of habeas corpus jurisdiction. See, e.g., Bedenfield v. Lewisburg, 393 F. App'x 32, 33 (3d Cir. 2010)(challenge to placement in the SMU is analogous to the "garden variety prison transfer" that we have indicated should be challenged in a civil rights action, not via a habeas petition, citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir.2005)); Dickerson v. Diguglielmo, 306 F. App'x 707 (3d Cir. 2009); Jupiter v. Warden, U.S.P. Lewisburg, 237 F. App'x 726 (3d Cir. 2007); Levi v. Holt, 193 F. App'x 172 (3d Cir.

2006); Beckley v. Miner, 125 F. App'x 385 (3d Cir. 2005). As the court of appeals has observed: "Claims brought under a § 2241 petition must challenge the fact or duration of a sentence or confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); Leamer v. Fauver, 288 F.3d 532, 540-42 (3d Cir.2002). [Petitioner's] challenges to the loss of privileges, his transfer, placement in the special housing unit, and the processing of other prisoners do not implicate the fact or length of his sentence. Thus, the District Court properly declined to address these matters." Gilliam v. Holt, 188 F. App'x 79, 80 81 (3d Cir. 2006). Likewise in a disciplinary setting "punishments cannot be challenged under § 2241[if] in no manner do they affect good time credits, and thus they have no impact on the fact or length of his sentence or confinement." Reynolds v. Williamson, 197 F. App'x 196, 199 (3d Cir. 2006).

Judged against these familiar principles, Widi would not be able to pursue habeas claims relating to any of the 14 disciplinary citations which were expunged since those citations do not in any way affect the fact or length of his confinement. Indeed, for his part, Widi acknowledges that he is not pursuing habeas relief with respect to these 14 expunged citations. Similarly, those 3 disciplinary proceedings which resulted in sanctions that "in no manner . . . affect[ed] good time credits, and thus . . . have no impact on the fact or length of his sentence or confinement,"

Reynolds v. Williamson, 197 F. App'x 196, 199 (3d Cir. 2006), also would not be cognizable in habeas and should be dismissed.

## B. The Court Should Refrain From Addressing a Petition Which Conflates 12 Discrete Claims

Once these 17 citations are removed from this case, the landscape of this litigation changes significantly, but remains highly complex. With these matters dismissed, we are left to try to assess discipline due process claims relating to 12 separate disciplinary citations, due process claims that are brought in the guise of a single federal habeas corpus petition. In this setting our concern is that there may be a conflation and confusion of claims which makes adjudication of the petition in its current form unwieldy and inappropriate.

The rules governing habeas petitions strongly disfavor conflation of claims in this manner, and generally call for separate petitions addressing separate judgments which have affected the fact or length of a prisoner's incarceration. See 28 U.S.C. § 2254. Rule 2(e)(" Separate Petitions for Judgments of Separate Courts.  A petitioner who seeks relief from judgments of more than one state court must file a separate

petition covering the judgment or judgments of each court.")[1]  As one court has observed:

> No habeas petitioner can challenge different determinations, regardless of whether they were judicial or administrative, in a single action. "Habeas Rules do not envision ... a lump-sum challenge to the circumstances which a litigant might find [himself] in.  Rather, [under] Habeas Rule 2(e), [every] petitioner is obligated to submit a separate habeas application challenging each particular determination.... Therefore, [the] petitioner shall select, for the purposes of each ... habeas action, [a] particular [administrative or judicial] determination ... he wishes to challenge, and then file an individual petition with regard to each specific challenge." Alou v. Holder, 2010 U.S. Dist. LEXIS 113717, at *2–3 (D.N.J. Oct. 22, 2010) (citing 28 U.S.C. § 2254 Rule 2(e), applicable to §§ 2241 and 2255 petitions through Habeas Rule 1(b)) (capitalization removed); see also Muniz v. Zickefoose, 2011 U.S. Dist. LEXIS 115766, at *13 (D.N.J. Sept. 30, 2011) (noting the same as "axiomatic"), aff'd, 460 F. App'x 165 (3d Cir.2012).  It follows that, where a litigant raises different habeas challenges in a single action, the court either dismisses his claims for failure to comply with Habeas Rule 2(e) or severs each line of challenges into its own, new and separate, habeas matter in order to address its procedural or substantive properties. See Izac v. Norwood, 2010 U.S. Dist. LEXIS 129520 (D.N.J. Dec. 7, 2010).
>
> Edwards v. Hollingsworth, No. CIV.A. 13-3153 RMB, 2014 WL 806444, at *2 (D.N.J. Feb. 27, 2014).

Adopting this approach, district courts within this circuit have frequently concluded that:

---

[1] These rules, crafted for cases under 28 U.S.C. § 2254, also apply to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

> No habeas petitioner can challenge different determinations in a single action. "Habeas Rules do not envision ... a lump-sum challenge to the circumstances which a litigant might find [himself] in. Rather, [under] Habeas Rule 2(e), [P]etitioner is obligated to submit a separate habeas application challenging each particular determination.... [P]etitioner shall select, for the purposes of each ... habeas action, [a] particular [administrative or judicial] determination ... he wishes to challenge, and then file an individual petition with regard to each specific challenge." Alou v. Holder, No. 10–3728, 2010 WL 4316946, at *1, 2010 U.S. Dist. LEXIS 113717, at *2–3 (D.N.J. Oct. 22, 2010) (citing 28 U.S.C. § 2254 Rule 2(e), applicable to §§ 2241 and 2255 petitions through Habeas Rule 1(b)) (capitalization removed); see also Muniz v. Zickefoose, No. 10–2444, 2011 WL 4703065, at *4, 2011 U.S. Dist. LEXIS 115766, at *13 (D.N.J. Sept. 30, 2011) (noting the same as "axiomatic"), aff'd, 460 Fed.Appx. 165 (3d Cir.2012). When a litigant raises different habeas challenges in a single action, the court either dismisses his claims for failure to comply with Habeas Rule 2(e) or severs each line of challenges into its own habeas case. See, e.g., Johnson v. Zickefoose, No. 12–2544, 2014 WL 64456, 2014 U.S. Dist. LEXIS 2091 (D.N.J. Jan. 8, 2014) (creating four separate habeas actions for each line of claims); Watts v. United States, No. 11–0912, 2011 WL 2180658, 2011 U.S. Dist. LEXIS 59082 (D.N.J. May 31, 2011) (creating two separate habeas actions for each line of claims); accord Frank v. Shartle, No. 13–5285, 2013 WL 5592414, 2013 U.S. Dist. LEXIS 146605 (D.N.J. Oct. 10, 2013) (dismissing an improperly raised claim without prejudice to raising it in a new case); Izac v. Norwood, No. 10–5865, 2010 WL 5095893, 2010 U.S. Dist. LEXIS 129520 (D.N.J. Dec. 7, 2010) (dismissing an improperly raised claim under the Rule and on alternative grounds).

McKnight v. United States, 27 F. Supp. 3d 575, 578-79 (D.N.J. 2014)

While we recognize that Widi alleges that some other courts, in the exercise of their discretion, have deviated from this practice and combined distinct claims in a single habeas petition, none of those cases appear to have involved a dozen discrete

disciplinary actions, the array of claims that remain in this case. In our view, the sheer number of these claims cautions against any conflated, combined treatment of these matters, each of which warrants individual attention. Further, we believe that there is wisdom to an approach used by many district courts in this circuit which calls for individualized assessment of specific claims in separate habeas petitions. This principle, opposing conflation of claims in habeas petitions, applies with particular force to petitions, like the petition submitted by Widi, which challenge prison disciplinary decisions. These petitions are judged against exacting legal standards, and require an assessment of the facts surrounding each particular disciplinary action.

Thus, with respect to procedural due process concerns, it is well established that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The Supreme Court has, however, recognized a set of minimum procedural protections that must apply to prison disciplinary proceedings, including the right to: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety or correctional goals, to call witnesses and present documentary evidence as part of a defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Id. at 563-67.

Due process also requires that a prison disciplinary tribunal be sufficiently impartial. Meyers v Alldredge, 492 F.2d 296, 305-07 (3d Cir. 1974). The requirement of an impartial tribunal "prohibits only those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role, in the circumstances underlying the charge from sitting on the disciplinary committee." Meyers, 492 F.2d at 306. In the past, inmates have often invited courts to set aside disciplinary hearing results based upon general assertions of staff bias. Yet, such requests, while frequently made, have rarely been embraced by the courts. Instead, the courts have held that a "generalized critique" of staff impartiality is insufficient to demonstrate the degree of bias necessary to prove a due process violation. Lasko v. Holt, 334 F. App'x 474 (3d Cir. 2009). Furthermore, in the absence of a showing that the hearing officer was "personally or substantially involved in the circumstances underlying [the investigation of the] charge," Greer v. Hogston, 288 F. App'x. 797, 799 (3d Cir. 2008), courts generally decline to strike down disciplinary decisions on claims of staff bias. See Redding v. Holt, 252 F. App'x 488 (3d Cir. 2007).

In the federal prison system, the Bureau of Prisons has, by regulation, adopted specific guidelines for inmate discipline procedures which are set forth at 28 C.F.R. §541.10 et seq. These guidelines are specifically tailored and designed to meet the due

process requirements outlined by the Supreme Court in Wolff. See Von Kahl v. Brennan, 855 F. Supp. 1413 (M.D. Pa. 1994). Given the panoply of procedural protections afforded to inmates by these regulations, courts have consistently held that when prison officials comply with these regulations they fully satisfy the requirements of procedural due process in this prison disciplinary setting. See, e.g., Fiore v. Lindsay, 336 F. App'x 168 (3d Cir. 2009)(upholding disciplinary decision); Macia v. Williamson, 219 F. App'x 229 (3d Cir. 2007)(same); Reynolds v. Williamson, 197 F. App'x 196 (3d Cir. 2006)(same); Levi v. Holt, 193 F. App'x 172 (3d Cir. 2006)(same); Sinde v. Gerlinski, 252 F. Supp. 2d 144 (M.D.Pa. 2003)(same). This is an analysis which must be tailored to the particular circumstances of each case, and each disciplinary proceeding.

 Similarly, substantive attacks on the sufficiency of the evidence in disciplinary hearings must meet a demanding and factually specific legal standard to succeed. A prison disciplinary determination comports with due process if it is based on "some evidence." See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985) ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board"). This standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. See id. at 455;

12

Thompson v. Owens, 889 F.2d 500, 501-02 (3d Cir. 1989). Therefore, it is well settled that the decision of the DHO is entitled to considerable deference by a reviewing court and must be upheld whenever there is "some evidence" to support the decision. Hill, 472 U.S. at 457; Elkin v. Fauver, 969 F.2d 48 (3d Cir.1992); Thompson v. Owens, 889 F.2d 500 (3d Cir. 1989); Franco v. Kelly, 854 F.2d 584, 588 (2d Cir. 1988); Freeman v. Rideout, 808 F.2d 949, 955 (2d Cir. 1986).

Thus, in this setting the "function [of the court] is to determine whether there is some evidence which supports the decision of the [DHO]." Freeman, 808 F.2d at 954. As the Supreme Court has observed, the "some evidence" standard is a highly deferential standard of review and:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Hill, 472 U.S. at 455-456.

These substantive due process standards which govern habeas petitions examining prison disciplinary actions are fact-specific and call for a careful consideration of the particular circumstances of each individual case. In light of the individualized nature of this inquiry, conflation of claims–a practice already disfavored by the rules governing habeas petitions– seems particularly inappropriate.

Recognizing the stated preference in federal habeas practice for individualized consideration of specific claims in separate petitions, and acknowledging that this preference applies with particular force to habeas claims involving prison disciplinary actions, where we must engage in a very fact-specific inquiry, we submit that the court should decline Widi's invitation to undertake an evaluation of a dozen separate decisions in a single habeas corpus petition. Instead, consistent with the settled practice of other district courts in this circuit, Widi's petition should be dismissed without prejudice to the submission of separate petitions challenging these specific disciplinary actions which petitioner alleges affected the length of Widi's incarceration.[2]

### III. **Recommendation**

Accordingly, for the foregoing reasons, and upon consideration of this Petition for Writ of Habeas Corpus, IT IS RECOMMENDED that the Petition be DISMISSED without prejudice to the submission of separate petitions challenging these specific

---

[2] Respondents also suggest that any new petitions should be filed in the district where Widi is currently held. While there may be sound legal and practical reasons for Widi to file these cases where he is currently held, we need not address this question at present. Rather, we can address this matter if and when Widi elects to file separate petitions here, and can transfer those petitions to the district where he is now housed, if necessary.

disciplinary actions which petitioner alleges affected the length of Widi's incarceration, and that a certificate of appealability should not issue.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 12th day of November 2015.

*S/Martin C. Carlson*
United States Magistrate Judge