UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID WIDI,

        Petitioner,

        v.

WARDEN MAIORANA,

        Respondent.

Civil Action No. 3:15-CV-1502

(Judge Kosik)

## MEMORANDUM

Petitioner, David Widi, an inmate currently confined at the Federal Corrections Complex at Pollock, Louisiana, filed *pro se,* this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Federal Corrections Complex at Canaan, located in Waymart, Pennsylvania. (Doc. 1).  Petitioner sets forth 15 grounds in support of his petition, all stemming from disciplinary proceedings while confined in the Federal Corrections Complex in Berlin, New Hampshire.  (Id.) On November 12, 2015, Magistrate Judge Martin C. Carlson issued a Report and Recommendation ("R&R") recommending that the Petition for Writ of Habeas Corpus be dismissed without prejudice.  (Doc. 12).  Petitioner filed Objections to the R&R (Doc. 14), and Respondents filed a Brief in Opposition to Petitioner's Objections (Doc. 15).  For the reasons that follow, we will adopt in part, and deny in part, the R&R and remand to the Magistrate Judge for further proceedings.

### Background

In the instant Petition for Habeas Corpus under 28 U.S.C. § 2241, Petitioner sets forth 15 challenges to prison disciplinary actions while confined at the Federal Corrections Complex in Berlin, New Hampshire (Doc. 1).  We note that while Petitioner presents a total of 39 prison disciplinary actions within his Memorandum in Support of his Petition (Doc. 2), he only challenges those 15 contained within his Petition, acknowledging, along with Respondents, that the others having been expunged, are not presently before this Court.

The Magistrate Judge issued his R&R on November 12, 2015, recommending that the

Petition for Writ of Habeas Corpus be dismissed without prejudice and to allow Petitioner to submit separate petitions challenging each disciplinary action.  (Doc. 12).  On November 30, 2015, Petitioner filed his objections to the R&R, stating that: all 15 incident reports contained in his Petition affect the duration of his confinement, the Court may entertain multiple incident reports within a single habeas petition, and the Court should sever the claims rather than dismiss the Petition if we feel the incident reports should be contained in separate habeas petitions.  We address each in turn.

### Standard of Review

When objections are filed to an R&R of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Local Rule 72.31.  Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).  For the portions not objected to, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

### Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Court.[1]  28 U.S.C. § 2254.  Federal habeas corpus

---

[1] While subdivision (a) of Rule 1 addresses applications brought under 28 U.S.C. § 2254, subdivision (b) provides that rules may be applied in § 2241 actions at the discretion of the United States District Court.  This Court has long found Rule 4 applicable to habeas proceedings brought under § 2241, e.g., Health v. Bell, 448 F.Supp. 416, 417 (M.D. Pa. 1977); Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); Francis v. U.S., 2009 WL 1010522 (M.D. Pa. 2009), and there is no sound reason not to apply Rule 4 in this case.

relief is limited to inquiries into the "legality of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002); Preiser v. Rodriguez, 411 U.S. 475 (1973). The petitioner must attack the "validity of the continued conviction or the fact or length of the sentence." Id. at 542. "Federal habeas corpus relief is available only 'where the deprivation of rights is such that it necessarily impacts the fact or length of detention.' " Bonadonna v. United States, 446 F. App'x 407, 409 (3d Cir. N.J. 2011) (quoting Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002)). If the allegation "does not 'spell speedier release,' " then it "does not lie at 'the core of habeas corpus.' " Bonadonna, 446 F. App'x at 409 (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). Where the punishment "in no manner . . . affect[s] good time credits," then "they have no impact on the fact or length of his sentence or confinement." Reynolds v. Williamson, 197 F. App'x 196, 199 (3d Cir. 2006); see Leamer, 288 F.3d at 540-42. If, however, "the federal habeas claim challenges the validity of the continued conviction or the fact or length of the sentence, and a favorable determination of the challenge would require sooner release, then a prison confinement case is properly brought under the federal habeas statute." Phillips v. Kearney, 2003 WL 2004392, at *7 (D.Del. Apr. 21, 2003) (citing Leamer, 288 F.3d at 543-44).

Petitioner first objects to the R&R, stating that while two of the 15 incident reports (#2548416 and #2550189) did not in and of themselves result in a direct loss of good time, they affected his severity level as set forth in 28 CFR § 541.3(b), which ultimately results in a loss of good time. Respondent counters that these two incident reports are not cognizable under a habeas action since neither include the sanctioned loss of good conduct time. While we find Petitioner's argument compelling, we are unwilling to broaden the breadth of the exacting requirements of § 2241 in order to allow Petitioner to maintain cognizable habeas claims for claim number one (incident report #2548416) and claim number two (incident report #2550189) of his Petition.

As the United States Court of Appeals for the Third Circuit stated in Leamer, *supra*,

and <u>Torres v. Fauver</u>, 292 F.3d 141 (3d Cir. 2002), a disciplinary hearing resulting in the loss of good time credit is cognizable as a habeas corpus claim because the claim impacts the length of a prisoner's sentence. <u>Torres</u>, 292 F.3d at 150-51; <u>Leamer</u>, 288 F.3d at 540-42. However, a disciplinary hearing resulting in the imposition of discipline other than the loss of good time credit does not allege a proper ground for habeas relief. <u>Nicholson v. Carroll</u>, 458 F.Supp.2d 249 (D.Del. Nov. 1, 2006); <u>see</u> <u>Torres</u>, 292 F.3d at 150-51. Clearly, disciplinary hearings stemming from incident reports #2548416 (claim number one) and #2550189 (claim number two) resulted in the loss of something other than good time credit; Petitioner was only sanctioned 30 days loss of commissary. As the deprivation of the right alleged did not impact the length of detention, these claims are not cognizable as habeas claims. Accordingly, we will deny and dismiss claims number one and number two of Petitioner's Petition for Writ of Habeas Corpus.

Additionally, regarding the expunged incident reports, because the deprivation of the right alleged did not impact the length of Petitioner's detention, any claim brought by Petitioner as to the expunged incident reports are not cognizable as habeas claims, and are, therefore, denied. By the Court's count, thirteen incident reports remain (claim numbers 3 through 15), and we now arrive at Petitioner's second objection to the Magistrate Judge's R&R, namely, that a single petition may contain multiple incident reports.

Petitioner supports his contention that a single habeas petition may contain multiple incident reports by citing to numerous cases within this district, which have, in fact, reviewed multiple incident reports in a single habeas petition. Petitioner further argues that the incident reports are all connected and occur within close proximity to one another. We agree with Petitioner and find the Magistrate Judge's reliance on 28 U.S.C. § 2254, Rule 2(e), <u>Edwards v. Hollingsworth</u>, 2014 WL 806444 (D.N.J. Feb. 27, 2014) and <u>McKnight v. United States</u>, 27 F.Supp.3d 575 (D.N.J. 2014) misplaced. Unlike the petitioners in <u>Hollingsworth</u> and <u>McKnight</u> who brought completely different and multiple lines of habeas claims, Petitioner, in

4

the instant matter, seeks relief from disciplinary proceedings from one correctional institution, the Federal Corrections Complex in Berlin, New Hampshire, and involving one line of § 2241 habeas claims challenging the Discipline Hearing Officers' ("DHO") decisions.

Moreover, Petitioner is not seeking relief from judgments of separate courts; thus, Rule 2(e) of the Rules governing 28 U.S.C. § 2254 is inapplicable. Compare, Story v. Collins, 920 F.2d 1247 (5th Cir. 1991) (finding state prisoner who brought habeas corpus petition challenging state court judgment of conviction and decision of the Texas Department of Corrections, was not required to bring good conduct claim in a separate habeas petition, as Department was not a state court, and decision concerning good conduct time was not a judgment) with Thompson v. Missouri Bd. Of Prob. and Parole, 39 F.3d 186 (8th Cir. 1994), rehearing denied, certiorari denied ("Habeas petitioner was statutorily prohibited from challenging in one habeas petition his convictions in two different counties for murders of two different victims.").

For these reasons, we will deny the portion of the Magistrate Judge's R&R that recommended claim numbers 3 through 15 of the Petition, be filed as separate petitions. We need not address Petitioner's final objection at this juncture as our ruling renders it moot.

## IV. CONCLUSION

For the reasons set forth above, the Court will adopt in part, and deny in part, the Magistrate Judge's R&R. We will dismiss claims number 1 and number 2 of the Petition, and remand this matter back to the Magistrate Judge for further proceedings on the remainder of Petitioner's claims. The Court has given reasoned consideration to the portions of the Report to which there are no objections, and we agree with the Magistrate Judge's recommendations. An appropriate order is attached.