IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. WIDI, JR., | Civil No. 3:15-cv-1502 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN MAIORANA, | |
| Respondent | |

**MEMORANDUM**

I. **Background**

On August 3, 2015, Petitioner David Widi ("Widi"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging thirty-nine separate prison disciplinary infractions he received while confined at the Federal Correctional Institution in Berlin, New Hampshire ("FCI-Berlin"). (Doc. 1). At the time his petition was filed, Widi was confined at the Canaan United States Penitentiary in Waymart, Pennsylvania. (*Id.*). For relief, Widi requests that the Court order the expungement of the incident reports and restore the good conduct time lost in the resulting sanctions. (*Id.* at p. 14).

On November 30, 2017, Respondent filed a suggestion of mootness stating that Widi was released from Bureau of Prisons' ("BOP") custody on July 7, 2017 on good conduct time release. (Doc. 44; Doc. 44-1, Inmate Profile). Thus, Respondent asserts that no further relief is available to Widi and the habeas petition should be dismissed as moot. (*Id.*). For the reasons set forth below, the Court will dismiss the petition as moot.

## II. Discussion

Article III of the Constitution provides that the "judicial Power shall extend to. . . Cases. . . [and] to Controversies." U.S. CONST. art. III, § 2. "This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of 'actual, ongoing cases or controversies.' *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 192-93 (3d Cir. 2001). The mootness doctrine is centrally concerned with the court's ability to grant effective relief: 'If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must e dismissed as moot.' *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). Moreover, the requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review. *See Khodara Envtl., Inc.*, 237 F.3d at 193 (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990))." *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001). Finally, federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Once a petitioner has been released from custody, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009).

In the instant petition, Widi sought the restoration of good conduct time he lost as

sanctions in prison disciplinary proceedings in order to hasten his release from BOP custody. (Doc. 1). On July 7, 2017, Widi was released from BOP custody on good conduct time release. (*See* Doc. 44-1, Inmate Profile; *see also* BOP Inmate Locator[1]). Consequently, Widi's petition for writ of habeas corpus has been rendered moot by virtue of his release from custody. See *Scott v. Holt*, 297 F. App'x 154 (3d Cir. 2008) (holding that a federal prisoner's § 2241 petition challenging the loss of good conduct time is moot when he is released from custody). Moreover, Widi has not alleged nor can the Court perceive of any collateral consequences to maintain his habeas petition. *See id.* at 156 ("Because [the petitioner] has served his complete term of imprisonment, [he] cannot show some concrete and continuing injury from the loss of good time credits."). Accordingly, Widi's challenge to his prison disciplinary proceedings that resulted in the loss of good time credits is now moot. The Court will dismiss the habeas petition as moot.

    A separate Order shall issue.

Date: November 30, 2017

Robert D. Mariani
United States District Judge

---

    [1] Upon entering petitioner's identification number, 05168-036, into the BOP Online Inmate Locator System, his status was returned as "released" on July 7, 2017. *See* https://www.bop.gov/inmateloc/#